**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| **TERESA BRANDOW,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**PUBLIX SUPER MARKETS, INC., AND JOHN DOE,**<br><br>**DEFENDANTS.** | **CIVIL ACTION NO.: 9:25-cv-12804-DCN**<br><br>**PLAINTIFF'S RULE 26(A)(2) EXPERT WITNESS DISCLOSURES** |

**PLAINTIFF'S EXPERT WITNESS DISCLOSURES:**

Plaintiff Teresa Brandow hereby submits her expert witness disclosure as required by Federal Rule of Civil Procedure 26(A)(2) and Scheduling Order. Plaintiff discloses the following expert witnesses who are expected to be called to offer opinions and their testimony at trial:

## I. Witnesses Who Must Provide a Written Report

1. **ProjectWorks Cost Projections**
   **Dr. Timothy B. Osbon, MD, MS**
   **1000 Johnnie Dodds Blvd., Suite 103-342**
   **Mount Pleasant, South Carolina 29464**

   Dr. Osbon was retained by Plaintiff to prepare a Life Care Plan for Plaintiff's future medical needs and medical expenses resulting from the injuries sustained in the subject incident at Defendant Publix's store. Dr. Osbon will offer opinions on the Plaintiff's future medical needs and the reasonable costs of the same. The Bates-stamped expert reports, T. Brandow Federal_000425-000435, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(B), were provided to Defendants and their counsel on November 11, 2026.

## II. Witnesses Who Do Not Provide a Written Report

Plaintiff reserves the right to call her treating providers as witnesses. Plaintiff anticipates that her treatment providers will qualify as experts by knowledge, skill, experience, training, and/or education, and Plaintiff reserves the right to elicit testimony regarding each provider's opinions, if

any, regarding the cause, diagnosis, treatment, and prognosis of Plaintiff's injuries. Plaintiff's treating providers who may be called to testify at trial are as follows:

2. **Jason M. Highsmith, MD, FACS**
   **Carolina Neurosurgery & Orthopedics, Inc.**
   **3020 Sunset Boulevard, Suite 101**
   **West Columbia, South Carolina 29169**

   Dr. Highsmith is a treating physician and a board-certified Neurosurgeon. He has provided treatment to the Plaintiff for cervical and lumbar pain with associated radicular symptoms. He will testify to the medical diagnosis and treatment of the Plaintiff, as reflected in the medical records. Dr. Highsmith is expected to testify that Plaintiff sustained permanent injuries to her neck and back as a result of the incident. It is also expected that Dr. Highsmith will also testify to a reasonable degree of medical certainty that because of this incident, Plaintiff remains a candidate for epidural steroid injections and a cervical arthroplasty at C5-C6. It is expected that he will also testify that his medical charges were reasonable, related and customary for Plaintiff's medical care and treatment in the past and in the future. Dr. Highsmith's testimony and conclusions are based on his observations and opinions he formed during the course and within the scope of Plaintiff's treatment.

   Field of Expertise: Neurosurgery and Neurological Surgery

3. **Leonard Goldschmidt, PSYD, JD**
   **Carolina Neurosurgery & Orthopedics, Inc.**
   **3020 Sunset Boulevard, Suite 101**
   **West Columbia, South Carolina 29169**

   Dr. Goldschmidt is a treating physician and clinical neuropsychologist. He has provided treatment to the Plaintiff for neurocognitive disorders with associated post-concussive syndromes. It is expected that he will testify to the medical diagnosis and treatment of the Plaintiff, as reflected in the medical records. It is expected that Dr. Goldschmidt will testify to a reasonable degree of medical certainty that because of this incident, Plaintiff suffers from Mild Neurocognitive Disorder, Post Concussion Syndrome, Disorientation, Chronic Fatigue, Other Lack of Coordination, Sleep Disorder and Major Depressive Disorder. Dr. Goldschmidt is expected to testify that Plaintiff is suffering from neurocognitive disorder with speed, memory, inhibitory control, and bilateral psychomotor deficits as a result of the incident. He will also testify that his medical charges were reasonable, related and customary for Plaintiff's medical care and treatment in the past and in the future. Dr. Goldschmidt's testimony and conclusions are based on his observations and opinions he formed during the course and within the scope of Plaintiff's treatment.

   Field of Expertise: Neuropsychology

4. **Sumul Modi, MD**
   **Celeste Brain Health**
   **1501 Belle Isle Avenue, Suite 110**
   **Mount Pleasant, South Carolina 29464**

Dr. Modi is a treating physician has provided treatment to the Plaintiff for her head injuries. It is expected that Dr. Modi will testify to a reasonable degree of medical certainty that because of this incident, Plaintiff suffered from a concussion. Dr. Modi will testify to the medical diagnosis and treatment of the Plaintiff, as reflected in the medical records. Dr. Modi will also testify that the medical charges were reasonable, related and customary for Plaintiff's medical care and treatment in the past and in the future. Dr. Modi's testimony and conclusions are based on the observations and opinions formed during the course and within the scope of Plaintiff's treatment.

Field of Expertise: Neurology

**Respectfully Submitted,**

**MORGAN & MORGAN**

/s/***Brandon J. Boyle***
Brandon J. Boyle, Esquire
Federal Bar #14296
4401 Belle Oaks Drive, 3rd Floor
North Charleston, South Carolina 29405
P: (843) 973-5368
F: (854) 429-6277
brandon.boyle@forthepeople.com
**ATTORNEY FOR PLAINTIFF**

November 18, 2026
North Charleston, South Carolina